```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| ROBERT JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-02936-JPM-cgc |
| | ) | |
| SUNTRUST MORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant SunTrust Mortgage, Inc.'s ("SunTrust" or "Defendant") Motion to Dismiss (Docket Entry ("D.E.") 3), filed January 27, 2010 ("Def.'s Mot."). Plaintiff responded in opposition on February 14, 2011 ("Pl.'s Resp."). (D.E. 9.) Defendant supplemented its Motion on February 17, 2011 ("Def.'s Suppl."). (D.E. 11.)

For the following reasons, Defendant's Motion is GRANTED.

**I. BACKGROUND**

   **A. This Proceeding**

This case arises out of the foreclosure sale of Plaintiff's residential real property. According to Plaintiff's Complaint, SunTrust held a perfected security interest on Plaintiff's real property known as 1684 Autumn Street, Memphis, Shelby County, Tennessee (the "Autumn Property") and 188 Edgewood Road, Memphis, Shelby County, Tennessee (the "Edgewood Property") in

the forms of Deeds of Trusts. (Compl. for Damages for Wrongful Foreclosure ("Compl.") (D.E. 1-2) ¶ 3.) In 2009, Plaintiff defaulted on the terms set forth in the security agreements. (Id. ¶ 4.)  On or about July 7, 2009, SunTrust instituted foreclosure proceedings on the properties and scheduled the foreclosure sales for August 20, 2009. (Id. ¶ 5.)

On August 13, 2009, Plaintiff filed for Chapter 13 bankruptcy protection, at which time the automatic stay provided for in 11 U.S.C. § 362 went into effect. (Id. ¶ 6.) On September 3, 2009, the Chapter 13 case was dismissed by the bankruptcy court.  (Id. ¶ 7.)

On September 17, 2009, SunTrust conducted the foreclosure sales on the properties. (Id. ¶ 8.) At the foreclosure sale, the Autumn Property was sold to a third party for $82,000.00. (Id. ¶ 9.) SunTrust purchased the Edgewood Property at the sale. (Id.)

Plaintiff filed the instant suit in Shelby County Chancery Court on January 27, 2010, alleging wrongful foreclosure against SunTrust. (See generally Compl.) Plaintiff's claims regarding the Autumn Property were resolved on May 23, 2010.[1] On December

---

[1]   On May 23, 2010, the parties to the state court proceeding filed a consent order.  (See D.E. 1-2 at 5-7.)  The consent order identified Rose Investment Corp. ("Rose") as the purchaser of the Autumn Property at foreclosure, added it as a defendant to the case, and set forth a settlement whereby Plaintiff agreed that the foreclosure sale on the Autumn Property was "valid in all respects" in exchange for being given the opportunity to provide funds to purchase the Autumn Property back from Rose. (Id.)  As a result, both Defendant and Plaintiff agree that the foreclosure of the Autumn Property is no longer an issue in this case. (Notice of Removal (D.E. 1) 2 n.1; Pl.'s Resp. 1-2.)

27, 2010, SunTrust removed the action to this Court based on diversity of citizenship. (Notice of Removal (D.E. 1).)

In his Complaint, Plaintiff requests that the Court find that SunTrust's foreclosure sale of the Edgewood Property was defective and that the sale be set aside. (Id. at 4.) Plaintiff challenges the validity of the foreclosure sale on two grounds. First, Plaintiff avers that "[n]o new formal proceedings were instituted nor was any notice provided to [Plaintiff] or [his] counsel." (Compl. ¶ 8.) According to Plaintiff, the act of continuing the foreclosure process without informing him of a new sale date violates the notice requirements of "Tennessee law and the Consumer Protection Act." (Id. ¶ 11.) Second, Plaintiff avers that the substitute trustee who conducted the foreclosure was not a resident of the State of Tennessee. (Id. ¶ 10.) Plaintiff contends that this violated Tennessee law and renders the foreclosure sale void and subject to be set aside. (Id.)

In the instant motion to dismiss, Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. (Def.'s Mot. 5.)  Defendant argues that Plaintiff's claims are barred by res judicata based on a prior adversary proceeding against SunTrust filed in connection with Plaintiff's second Chapter 13 bankruptcy case. (Id.)

### B. Bankruptcy Proceeding

As previously explained, Plaintiff's first Chapter 13 bankruptcy case was dismissed on September 3, 2009. As a result of the dismissal, SunTrust resumed foreclosure proceedings and held the foreclosure sale of the Edgewood Property.

On September 24, 2009, Plaintiff filed another Chapter 13 case in the United States Bankruptcy Court for the Western District of Tennessee ("Bankruptcy Court"), Case No. 09-30584. (See D.E. 1-3.) In connection with that case, Plaintiff filed an adversary complaint against SunTrust on October 12, 2009. (Def.'s Suppl. Ex 1, Complaint for Damages for Violation of the Automatic Stay and to Set Aside Foreclosures ("Adversary Complaint") (D.E. 11-1).) In his Adversary Complaint, Plaintiff sought to invalidate the foreclosure sales of the Edgewood and Autumn Properties. As grounds, Plaintiff argued that SunTrust violated the automatic stay that became effective when Plaintiff filed his first Chapter 13 case. Plaintiff averred that "[n]ew formal proceedings were not instituted nor was new publication issued [sic] nor any notice provided to [Plaintiff]." (Id. ¶ 10.) According to Plaintiff, the act of continuing the foreclosure process without instituting new formal proceedings or providing Plaintiff notice of the new sale date violated the automatic stay. (Id. ¶¶ 12-14.)  Plaintiff requested that the

4

Bankruptcy Court find that the foreclosure sales were void and that the sales be set aside. (Id. at 4.)

On or about November 12, 2009, SunTrust filed a motion to dismiss Plaintiff's Adversary Complaint. (Def.'s Suppl. Ex. 2, Mot. to Dismiss.) On January 4, 2010, the Bankruptcy Court entered a Memorandum Opinion granting SunTrust's motion and dismissing Plaintiff's adversary case (Def.'s Suppl. Ex. 3, Memorandum Opinion.) The Bankruptcy Court found that SunTrust was not wrong in continuing with its foreclosure sale after Plaintiff's first Chapter 13 case was dismissed. (Id. at 3-4.) On February 18, 2010, the Bankruptcy Court issued a final Order, pursuant to its Memorandum Opinion, dismissing Plaintiff's Adversary Complaint against SunTrust. (Def.'s Suppl. Ex. 4, Order, Feb. 18, 2010 ("[T]his Order is a final order with respect to all claims which were asserted or could have been asserted in the Complaint.").) Plaintiff did not appeal the dismissal.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if

5

it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949).

The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009)(citation omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903 (citations and quotation marks omitted).

"Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." Buck v. Thomas M. Cooley Law School, 597 F.3d 812, 816 (6th Cir. 2010) (citing Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008)).

**III. ANALYSIS**

SunTrust's principal argument for dismissal is that the prior bankruptcy proceeding precludes Plaintiff's current claims under the doctrine of res judicata.  (Def.'s Mot. 2.)

6

"Courts apply the doctrine of res judicata to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." Sanders Confectionery Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 480 (6th Cir. 1992) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394 (1981)). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). This bar applies equally to "every theory of recovery that could have been presented." LaSalle Bank Nat'l Ass'n v. Wonderland Shopping Ctr. Venture Ltd. P'ship, 223 F. Supp. 2d 806, 813 (E.D. Mich. 2002) (citing J.Z.G. Res., Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir. 1996)). When the prior judgment was issued by a federal court, federal law is used to determine the judgment's preclusive effect. EB-Bran Prods. v. Warner, 242 F. App'x 311, 312 (6th Cir. 2007).

In the Sixth Circuit, four elements must be satisfied for res judicata to apply:

> (1) A final judgment on the merits in the first action by a court of competent jurisdiction;
>
> (2) The second action involves the same parties, or their privies, as the first;
>
> (3) The second action raises an issue actually litigated or which should have been litigated in the first action; and

7

(4) An identity of the causes of action.

Sanders Confectionery Prods., 973 F.2d at 480 (citations omitted).

The first and second elements are clearly satisfied. The Bankruptcy Court was a court of competent jurisdiction to decide the validity of the foreclosure proceedings, that rendered a final judgment on the merits. See In re Dow Corning Corp., 537 F.3d 565, 578 (6th Cir. 2008) (noting that, "where an order in a bankruptcy case 'finally dispose[s] of discrete disputes within the larger case," it is a final order "and may be appealed immediately"); In re Enyart, 509 F.2d 1058, 1061 (6th Cir. 1975) ("The normal rules of res judicata and collateral estoppel apply to the decisions of the bankruptcy courts."). There was no appeal of the case. Moreover, the parties in this case were parties in the bankruptcy proceedings. (See Compl.; Adversary Compl.)

The third element of res judicata is also satisfied. Plaintiff argues that the prior proceeding does not bar his cause of action because he has raised additional grounds for invalidating the foreclosure sale, i.e., the substitute trustee was not a resident of Tennessee. (Pl.'s Resp. 1-2.) Because this issue was not litigated in the prior adversary proceeding, Plaintiff contends that a valid cause of action exists as to the Edgewood Property. (Id.)

8

Plaintiff's focus on the specific issues litigated before the Bankruptcy Court, while not entirely irrelevant, is not determinative, because the doctrine of res judicata provides that a final judgment on the merits bars any and all claims by the parties, as to every matter actually litigated *as well as every theory of recovery that could have been presented*. J.Z.G. Resources, Inc., 84 F.3d at 214 (emphasis added); see also Brown v. Felsen, 442 U.S. 127, 131 (1979) (Res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceedings."); Cinquini v. Donohoe, No. C 95-4168 FMS, 1996 WL 79822, at *5 (N.D. Cal. Feb. 8, 1996) ("A plaintiff cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in the prior action or by pleading a new legal theory.") (citing McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986)).

Both the adversary proceeding and this case deal with the procedural validity of the foreclosure proceedings. Though Plaintiff, in his Adversary Complaint, did not assert the citizenship of the substitute trustee as grounds for attacking the validity of the foreclosure sale, he could have done so. Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 579 (6th Cir. 2008) (explaining that a claim that is "related to" a prior

9

bankruptcy proceeding—a claim that "would have affected the debtor's rights or liabilities"—is barred by res judicata in a subsequent action because the plaintiff "could have, and indeed should have, brought [the claim] during the" prior bankruptcy proceeding). Because Plaintiff's allegations attacking the validity of the foreclosure sale related to the bankruptcy proceeding, they could have been litigated in that prior proceeding. As a result, Plaintiff's claims for wrongful foreclosure in the present case are barred by res judicata.

The final element of the res judicata doctrine is also satisfied. The fourth element involves an inquiry into whether there is an identity of claims in the two actions. This element is satisfied if "the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." <u>Winget</u>, 537 F.3d at 580 (internal punctuation and citations omitted). The essence of the claims in this case is that the foreclosure sale of Plaintiff's Edgewood Property was wrongful and invalid. In the adversary proceeding, Plaintiff challenged the procedural validity of the foreclosure sale based on SunTrust's actions related to the sale. The instant case involves the same foreclosure activities related to the same property. Plaintiff had every opportunity to assert any and all claims against SunTrust in the Adversary Proceeding, including wrongful foreclosure in violation of

10

Tennessee law and the Tennessee Consumer Protection Act. Accordingly, the Court finds that the current action is barred by the application of res judicata.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED,** this 2nd day of March, 2011.

/s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE

11